IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT HUNTINGTON

MIMI PATTON-FOGARTY,

    Plaintiff,

V.                                                                                    CIVIL ACTION NO. 3:04-1121

JOANNE BARNHART,
Commissioner of Social Security,

    Defendant.

**<u>FINDINGS AND RECOMMENDATION</u>**

In this action, filed under the provisions of 42 U.S.C. §1383(c)(3), plaintiff seeks review of the final decision of the Commissioner of Social Security denying her application for supplemental security income based on disability. The case is presently pending before the Court on cross-motions of the parties for judgment on the pleadings.

Plaintiff filed her application on October 15, 2002, alleging disability as a consequence of a major depressive disorder, post traumatic stress, anxiety and agoraphobia. On appeal from an initial and reconsidered denial, an administrative law judge, after hearing, found plaintiff not disabled in a decision which became the final decision of the Commissioner when the Appeals Council denied a request for review. Thereafter, plaintiff filed this action seeking review of the Commissioner's decision.

At the time of the administrative decision, plaintiff was thirty-six years of age and had obtained a high school education. She has no "vocationally relevant" past employment

experience.  In his decision, the administrative law judge determined that plaintiff suffers from "chronic lumbosacral strain, a history of syncopal episodes, a major depressive disorder, a post-traumatic stress disorder and a panic disorder with agoraphobia," impairments he considered severe.  Concluding that plaintiff retained the residual functional capacity for a significant range of medium level work  and relying on Rule 203.28 of the medical-vocational guidelines[1] and the testimony of a vocational expert, the administrative law judge found her not disabled.

Review of the record establishes deficiencies which will require remand for further proceedings.  Plaintiff testified, and the record reflects, that mental problems are her most limiting impairment.  She stated she began treatment in August of 2000 with Dr. R. Jenee Walker after having a still-born baby.  Dr. Walker reported in a November 14, 2002 letter that she had diagnosed major depression, recurrent, generalized anxiety disorder, panic disorder with agoraphobia, and probable bipolar depression, and had been treating plaintiff for these conditions since August of 2000.  Although she noted plaintiff had a "firm commitment to meeting academic goals," she also related plaintiff had experienced recurrent incapacitating bouts of depression and anxiety.

Plaintiff reported to Lisa Tate, M.A., during a consultative examination on January 6, 2003, that she did not leave her home without her husband except to go to Walmart which was familiar to her.  She reported having panic attacks four times a week lasting twenty to forty minutes each.  Ms. Tate diagnosed major depressive disorder, single episode, chronic, and panic disorder with agoraphobia.

Dr. Walker also provided an undated summary of plaintiff's mental condition which was received by the social security office on February 20, 2003.  She repeated her earlier diagnosis,

---

[1] 20 C.F.R. Part 404, Subpart P, Appendix 2, Table No. 3.

noting plaintiff continued to be very depressed and to have sharp mood swings. A state agency psychologist reviewed the record and gave an opinion on January 21, 2003, that plaintiff would have moderate limitation in the areas of carrying out detailed instructions, maintaining attention and concentration for extended periods, performing activities within a schedule, maintaining regular attendance and being punctual within customary tolerances, and completing a normal workday and workweek without interruption from psychological symptoms and maintaining a consistent pace. A second state agency psychologist expressed his agreement with this opinion on April 16, 2003.

Reports reflect plaintiff was treated at the Prestera Center by both a psychiatrist and therapist for diagnoses of possible bipolar disorder and personality disorder, not otherwise specified with possible borderline and histrionic traits. Following a psychiatric evaluation on April 14, 2003, Dr. Durrenberger, the treating psychiatrist, assessed a Global Assessment of Functioning ("GAF") of forty, consistent with "some" impairment in reality testing or communication or "major" impairment in several areas such as work or school, family relations, judgment, thinking or mood.[2]

A "Medical Source Statement of Ability to do Work-related Activities" completed by Dr. Durrenberger on August 11, 2003, reflects his opinion that plaintiff had a poor ability (no useful ability to function) in the areas of maintaining attention and concentration; performing activities within a schedule, maintaining regular attendance and being punctual; completing a normal workday or workweek; and, performing at a consistent pace. He indicated that plaintiff had a rapidly fluctuating mood, becoming depressed quickly and isolating herself. He felt she would not

---

[2] Diagnostic and Statistical Manual of Mental Disorders, 4th Ed., American Psychiatric Association, 1994 at 32.

3

be able to keep a routine schedule. He additionally assessed plaintiff as having a poor ability to interact appropriately with the public, accept instructions and respond appropriately to criticism from supervisors, respond appropriately to changes in the work setting and travel in unfamiliar places or use public transportation. Dr. Durrenberger explained that plaintiff does not go out alone, has low self-esteem and "will not handle criticism well." He felt she needed a "predictable environment."

Mental status evaluations in September of 2003 and January of 2004 revealed an irritable, depressed and anxious mood without memory or attention deficits. The report from January 19, 2004, also reflects that plaintiff had been accepted into a licensed practical nursing program at the vocational center; however, this note also indicates that plaintiff continues to avoid family issues, has occasional hygiene problems and also continues with social avoidance "despite attempting school." Interpersonal interactions were described as poor due to plaintiff's paranoia and defensiveness. The diagnosis was post-traumatic stress disorder, depression and anxiety. This report reflects that plaintiff was to receive psychotherapy every two to three weeks and to see her psychiatrist monthly. Even so, the stated goal of symptom reduction was not expected to be attained until one year later or in January of 2005. Plaintiff's GAF at this time was rated at sixty, consistent with moderate symptoms or moderate impairment in social or occupational functioning.[3]

In assessing plaintiff's residual functional capacity relative to mental functioning, the administrative law judge adopted the assessment completed by the state agency psychologist in January of 2003 with which a second state agency reviewer indicated agreement on April 16, 2003. Because of the dates of their assessments, these reviewers obviously did not have the opportunity

---

[3] See, Diagnostic and Statistical Manual of Mental Disorders, supra at 32.

4

to consider the subsequent treatment notes from Prestera from April and September of 2003 and January of 2004, nor Dr. Durrenberger's assessment of mental functioning in August 2003.  The treating physician's assessment differs from that completed by the state agency in the degree of limitation in the areas of maintaining attention and concentration, performing activities within a schedule, etc., and completing a normal workday and workweek without interruption.  The state agency medical advisors, however, failed to acknowledge any limitation in plaintiff's abilities to interact with the public and with supervisors, respond to changes in the work setting and travel in unfamiliar places.  These are clearly established by her history of panic attacks and fear of leaving her home without her husband as well as her depression and avoidance of others.

  The administrative law judge explained that he rejected Dr. Durrenberger's assessment because it was inconsistent with his treatment notes and with the other examiners' findings.  While this physician's reports do not always document dramatic abnormal findings, these are obviously just one part of what he used to assess plaintiff's condition.  He and Dr. Todd clearly gained insight into her condition by speaking with plaintiff and considering her symptoms.  They have not indicated they believe her to be untruthful or exaggerating her problems.  It is observed that plaintiff's reports in this regard were consistent to all of the various evaluators, and Dr. Wheeler and Ms. Tate diagnosed problems similar to those found by Dr. Todd and Dr. Durrenberger.  These factors all suggest that the administrative law judge lacked any substantial basis for rejecting the treating psychiatrist's entire assessment.   While the degree of limitation assessed by this treating physician may not be fully supported in some areas, it is apparent that limitations in the areas of dealing with the public, with supervisors and with changes in the work setting and traveling in unfamiliar places are clearly consistent with the evidence and should have been considered by the

administrative law judge.  While he also noted that plaintiff had not consistently taken medication for her mental problems, he neglected to note that a number of medications had been tried without success and that plaintiff had financial difficulties which prevented her from getting the prescribed medications all the time.   Under these circumstances, remand is necessary and the administrative law judge will be required to more carefully consider and take into account work-related mental limitations from which plaintiff obviously suffers.  Included in this review should be an inquiry into whether plaintiff went to school to pursue licensed practical nursing certification and, if so, what problems she encountered, if any.  The parties should also be permitted to submit additional evidence.

## **RECOMMENDATION**

In light of the foregoing, it is **RESPECTFULLY RECOMMENDED** that this case be remanded to the Commissioner for further proceedings consistent with these Findings and Recommendation.

Plaintiff and defendant are hereby notified that a copy of these Findings and Recommendation will be submitted to the Honorable Robert C. Chambers, United States District Judge, and that, in accordance with the provisions of Rule 72(b), Fed.R.Civ.P., the parties  may, within thirteen days of the date of filing these Findings and Recommendation, serve and file written objections with the Clerk of  this Court, identifying the portions of the Findings and Recommendation to which objection is made and the basis for such objection.  The judge will make a de novo determination of those portions of the Findings and Recommendation to which objection

is made in accordance with the provisions of 28 U.S.C. §636(b) and the parties are advised that failure to file timely objections will result in a waiver of their right to appeal from a judgment of the district court based on such Findings and Recommendation.  Copies of objections shall be served on all parties with copies of the same to Judge Chambers and this   Magistrate Judge.

        The Clerk is directed to file these Findings and Recommendation and to mail a copy of the same to all counsel of record.

DATED:  November 29, 2005

*/s/ Maurice G. Taylor, Jr.*
MAURICE G. TAYLOR, JR.
UNITED STATES MAGISTRATE JUDGE